IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOYCE CUMMINGS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AMERICAN GENERAL LIFE INSURANCE CO., | : | |
| Successor in interest to | : | NO. 06-3468 |
| FRANKLIN LIFE INSURANCE CO., | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM AND O R D E R**

GENE E.K. PRATTER, J.                                                                                                        MAY 6, 2008

      Joyce Cummings seeks to recover the proceeds of her deceased son's life insurance policy issued by Franklin Life Insurance Company ("Franklin"). Ms. Cummings is named as the beneficiary of the policy in question. American General Life Insurance Company ("American General"), the successor in interest to Franklin, denies that the proceeds of the policy are owed on the grounds that John M. Cummings made material misrepresentations in his life insurance application documents about his prior cocaine use.

      American General's Motion for Summary Judgment ("Motion") is presently before the Court. For the reasons set forth below, the Court will grant the motion.

1

## I. LEGAL STANDARD

Upon motion of a party, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Summary judgment may be granted only if the moving party persuades the district court that "there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party." Miller v. Ind. Hosp., 843 F.2d 139, 143 (3d Cir. 1988). An issue is "genuine" if a reasonable jury could possibly hold in the non-movant's favor with regard to that issue. See, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A fact is "material" only if it could affect the result of the suit under governing law. Id.

Evaluating a summary judgment motion, the court "must view the facts in the light most favorable to the non-moving party," and make every reasonable inference in that party's favor. Hugh v. Butler County Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005). If, after making all reasonable inferences in favor of the non-moving party, the court determines that there is no genuine issue of material fact, summary judgment is appropriate, depending, of course, on the law applicable to the legal issues in the case. Celotex Corp. v. Catrett, 477 U.S. 217, 322 (1986); Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 83 (3d Cir. 1987).

The party opposing summary judgment must support each essential element of that party's opposition with concrete evidence in the record. Celotex, 477 U.S. at 322-23. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted). This requirement upholds the

"underlying purpose of summary judgment [which] is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense." Walden v. Saint Gobain Corp., 323 F. Supp. 2d 637, 642 (E.D. Pa. 2004) (citing Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976)). This case presents an entirely appropriate example for the use of summary judgment.

## II. BACKGROUND

To describe the background of this case, the Court sets out those facts of record that are undisputed. Moreover, they are construed in the light most favorable to Ms. Cummings. The Court disregards those factual allegations that either party makes without any evidentiary support from the record. See, Celotex Corp, 477 U.S. at 322-23; Jones v. United Parcel Service, 214 F.3d 402, 407 (3d Cir. 2000) (requiring more than "unsupported allegations" to defeat summary judgment). The Court separately notes those instances where Ms. Cummings disputes factual contentions documented by American General, but provides no evidentiary basis from the record for those disputes, in which event American General's factual contentions are treated as undisputed. See, Blaylock v. City of Philadelphia, 504 F.3d 405, 413 (3d Cir. 2007) (citing Anderson, 477 U.S. 242) (when the record contradicts a party's description of the facts, it does not create a genuine dispute). The Court has accepted as true all other factual contentions made by Ms. Cummings and construed them in the light most favorable to her.

### A. Procedural History

Ms. Cummings commenced this action by filing a complaint in the Philadelphia Court of Common Pleas. American General timely and properly removed to this Court in reliance on 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441.

After American General filed its answer, the court-mandated arbitration took place.  As was her right, Ms. Cummings requested a trial *de novo*.  American General's Motion for Summary Judgment followed soon thereafter.

**B. Factual History**

Two months after John M. Cummings tested positive for cocaine during an emergency room visit for a gunshot wound to his chest, he signed and submitted to Franklin an application for life insurance on January 30, 2000.  Roughly two weeks after applying for the insurance, on February 15, 2000, the insurer subjected Mr. Cummings to an in-house inspection interview ("paramedical examination").  During the examination, Mr. Cummings responded "No" to the following question: "Have you ever Used marijuana, cocaine or any other non-prescribed Drugs or narcotics?"  Motion, Ex. D-2, AG000052.  Franklin issued a life insurance policy to Mr. Cummings on April 13, 2000.  The policy was terminated on May 14, 2000 for non-payment of premium.  After his insurance policy lapsed, Mr. Cummings submitted a second application and underwent the underwriting process anew.  On July 18, 2000, Mr. Cummings executed an application for exchange seeking the reissuance of his life insurance policy.  See, Motion, Ex. D-3, AG000022-AG000027.  In the application for exchange, Question 20(a) asked: "Has any person proposed for insurance: Within the last five years, used any drugs, substance or other controlled materials without a prescription by a physician? (If yes, explain)."  Id., AG000025.  Mr. Cummings as the "Proposed Insured" answered, "No" and provided no explanation.  Id.  By

executing the application for exchange,[1] Mr. Cummings acknowledged and agreed that:

> IT IS REPRESENTED that the statements and answers on this form and those given to the medical examiner on Part 2, if required, are full, complete and true to the best of my knowledge and belief.  IT IS AGREED that:
> 1. the only statements which are to be considered as the basis of the policy are those in the application including Part 2, if required;
> 2. no waiver or modification shall bind the Franklin Life Insurance Company (Franklin) unless in writing and signed by the President or Secretary.

Id., AG000027.

On December 6, 2000, more than four months later, Mr. Cummings executed Part B of the single life insurance application. See, Motion, Ex. D-5, AG000065-AG000069.  Question 13(b) of the medical history asked: "Have you ever...(b) used cocaine, marijuana, heroin, controlled substances, or any other drug except as legally prescribed by a physician? (If 'yes' answered to a or b, complete Drug/Alcohol Questionnaire.)"  Motion, Ex. D-5, AG000067.  Mr. Cummings answered,"No" to Question 13(b) and provided no additional explanation.  Id. Additionally, in Part B, Mr. Cummings acknowledged and agreed:

> **Statements by the proposed insured**
> I have read the above statements or they have been read to me. The above statements are true and complete to the best of my knowledge and belief.  I understand that this application (1) will consist of Part A, Part B, and if applicable, Part C and related forms; and (2) shall be the basis for any policy issued on this application.  I understand that any misrepresentation contained in this application and relied on by the Company may be used to reduce or deny a claims or void the policy, if it is within its contestable period and if such misrepresentation materially affects the acceptance of this risk.
> ...
> I understand and agree that no agent is authorized to: accept risks or pass upon insurability; make or modify contracts; or waive any of the Company's rights or

---

[1] Nowhere in this litigation does Plaintiff challenge or dispute in any respect the genuineness of the signatures purporting to be that of Mr. Cummings on any of the relevant documents.  Therefore, the Court is proceeding on the acceptance of the factual understanding that Mr. Cummings did provide the answers to the various questions and did execute the documents.

requirements.

        **Insurance fraud**
        Any person who includes any false or misleading information on any application for an insurance policy is subject to criminal and civil penalties.

Motion, Ex. D-5, AG000069.

As part of the second application process, Mr. Cummings was required to submit to another in-house inspection interview (" paramedical examination"). The paramedical examination was completed on September 6, 2000. During the examination, Mr. Cummings admitted using marijuana on "weekends" last in 1990, that is, some ten years prior to the insurance examination. He did not disclose using cocaine. Motion, Ex. D-4, AG000080-AG000081. Franklin then issued Policy Number 6362669 in the face amount of $91,351.00 ("policy"). The first policy year began December 14, 2000. Motion, Ex. D-6, AG000001-AG000028.

Mr. Cummings died a year later in Pembroke Pines, Florida on December 30, 2001 as a result of a gunshot wound to his head. See, Motion, Ex. D-7, AG000100 (Mr. Cummings' death certificate). American General initiated a routine investigation of Mr. Cummings' death during the contestability period.² During the investigation, American General obtained from Albert Einstein Medical Center in Philadelphia medical records from Mr. Cummings' 1999 hospitalization for a gunshot wound. See, Motion, Ex. D-8, AG000205-AG000323. The nursing admission data base on the medical records is checked "yes" beside the heading for "drug abuse," but provides no specifics as to the type of drug. See, id., AG000212. The medical records

---

         ² In Pennsylvania, an insurance policy is incontestable after being in force for two years during the lifetime of the insured. Otherwise, a policy is contestable. See, infra n.3.

indicate that Mr. Cummings tested positive for cocaine, opiates, and benzodiazepine on November 20, 1999 at 05:48, and that he tested positive for opiates and benzodiazepine, but negative for cocaine, the same day at 08:37.  Id., AG000209.  The medical records also include a physician attestation statement dated December 9, 1999 which reads "COCAINE ABUSE-CONTINUOUS," id., AG000205, as well as a record from January 4, 2000 stating, "Drug abuse panel was positive for Cocaine and Benzo."  Id., AG000206.

On August 15, 2002, Franklin sent Ms. Cummings a letter explaining that the company was rescinding Mr. Cummings' life insurance policy "due to material misrepresentation of pertinent information on the reinstatement application."  Motion, Ex. D-11.  Franklin tendered to Ms. Cummings a $1171.44 check for the premiums paid since reinstatement plus interest.  Ms. Cummings never cashed the check.

During discovery in this litigation, Ms. Cummings answered a series of interrogatories and admissions requests from American General.  Request for Admission No. 25 posited:

> It is admitted that John M. Cummings made misrepresentations in the Application of Exchange dated July 18, 2000.
>
> If your answer to the foregoing request for admissions is anything other than an unqualified admission, state the following:
>
> a. The basis for your denial.
> b. The names and address [sic] of the person(s) with knowledge concerning your denial.
> c. Identify all documents that support your denial and produce copies of all such documents.

Ms. Cummings responded: "Admitted, however, Plaintiff denies that misrepresentations, if any, were material."  Motion, Ex. D-12.

Ms. Cummings' opposition to the summary judgment motion is consistent with her

7

response to this request for admission, namely, she does not dispute that her son misrepresented information about his prior drug use, but she argues that the misrepresentation was not material.

**III. DISCUSSION**

American General argues that Mr. Cummings' insurance policy is void *ab initio* for misrepresentation because he knowingly made material misrepresentations in the application for the policy. Pennsylvania courts "have held that an insurance policy obtained by means of a material misrepresentation will, if challenged within the period of contestability, be declared void *ab initio*." New York Life Ins. Co. v. Johnson, 923 F.2d 279, 280 (3d Cir. 1991).[3] "Under Pennsylvania law an insurance policy is void for misrepresentation when the insurer establishes three elements: (1) that the representation was false; (2) that the insured knew that the representation was false when made or made it in bad faith; and (3) that the representation was material to the risk being insured." Id. at 281 (citing Lotman v. Security Mut. Life. Ins. Co., 478 F.2d 868, 870 (3d Cir. 1973); Shafer v. John Hancock Mut. Life Ins. Co., 189 A.2d 234, 236 (Pa. 1963); A.G. Allebach, Inc. v. Hurley, 540 A.2d 289, 294 (Pa. Super. Ct. 1988)).

American General has established the first element of the test, that is, the falsity of the representation. As noted above, in response to Request for Admissions No. 25, Ms. Cummings admitted that "John M. Cummings made misrepresentations in the Application of Exchange dated July 18, 2000." Motion, Ex. D-12. In addition, American General has presented

---

[3]Pennsylvania law requires that each insurance policy delivered in the Commonwealth must contain a provision stating that the policy "shall be incontestable after it has been in force, during the lifetime of the insured, two years from its date of issue." Pa. Stat. Ann. Tit. 40, § 510(c) (Purdon 1971). The policy at issue in this case had been in force less than two years from the date of issue when Mr. Cummings died. See, *supra* § II.B.

8

uncontested evidence that throughout the application documents Mr. Cummings repeatedly denied using cocaine even though he tested positive for cocaine during his 1999 hospital stay. See, *supra* § II.B.

Considering the second prong of the test, "courts applying Pennsylvania law have routinely held that misrepresentations regarding alcohol abuse are deemed to be made in bad faith as a matter of law and extended this holding to include misrepresentations regarding *drug use*." Burkert v. The Equitable Life Assurance Society of America, 287 F.3d 293, 297-98 (3d Cir. 2002) (emphasis added). See e.g., Van Riper v. The Equitable Life Assurance Society of the United States, 561 F. Supp. 26 (E.D. Pa. 1983). The Third Circuit Court of Appeals equates alcohol abuse and drug abuse in the same manner. Burkert, 287 F.3d at 297-98 ("We agree that to equate alcohol abuse and drug abuse is both reasonable and logical.") Because the evidence in this action reveals drug abuse by Mr. Cummings in the time periods covered by questions in his insurance paperwork, the Court finds that his repeated denials of past drug use were made in bad faith, thus satisfying the second element of the test.

The parties disagree whether Mr. Cummings' drug use is a material fact for purposes of declaring this policy void. Ms. Cummings argues, without legal support, that Mr. Cummings' drug use was not a material fact because "it would seem that having been shot twice in the preceding two years would present a greater underwriting risk (**especially** in light of [the] fact that that was how he died), than an allegation of cocaine use, where the insured's test results were negative for **any** drug use in two separate paramedical exams taken months apart in the year 2000." Plaintiff's Answer to Defendant's Motion for Summary Judgment at 11 (emphasis in original) ("Response"). However superficially natural such an argument may seem to an

9

understandably grieving mother, Mr. Cummings' prior gunshot wounds and his ultimate death from a gunshot are irrelevant to the analysis of his denial of drug use and the possible materiality of those denials to the issuance of the insurance policy.  Under Pennsylvania law, a misrepresentation does not have to be related to the eventual claim for which benefits are sought in order to be "material" for legal purposes.  A statement is material if it is relevant to the risk assumed, even if it is unrelated to the loss actually incurred.  <u>Woods v. National Life and Accident Ins. Co.</u>, 380 F. 2d 843, 848 n.12 (3d Cir. 1967).

In <u>New York Life Insurance Company v. Johnson</u>, the Third Circuit Court of Appeals considered whether it should declare void an insurance policy issued after the insured misrepresented his smoking habits.  923 F.2d 279.  The district court had refused to void the policy in spite of the false information about smoking, instead holding that Pennsylvania courts would either (1) "reduce the proceeds of the policy by the amount by which the premium would have been enlarged" had the insured been honest, or (2) "reduce the face amount of the policy to that amount of insurance that would have been purchased by the amount of premiums that were in fact paid."  <u>Id.</u> at 280.  The Court of Appeals reversed, finding that Pennsylvania law *required* that the  policy be declared void *ab initio* due to the insured's misrepresentations.  <u>Id.</u>  Neither party denied that an insured's smoking habit would affect the premiums charged for an insurance policy, and the court noted that Pennsylvania courts focus on whether a misrepresentation affected the premium rate, not just whether the misrepresentation would be grounds for denying any coverage.  <u>See</u>, <u>id.</u> at 283 (citing <u>A.G. Allebach, Inc. v. Hurley</u>, 540 A.2d 289 (1988)).  Accordingly, the court held that a misrepresentation about smoking, a misrepresentation that directly affects premium rates but would not lead to an automatic denial of benefits, was a

material misrepresentation that subjected the insurance policy to being voided *ab initio*.  Id. at 284.

Here, American General presents evidence that had Franklin known of Mr. Cummings' past drug use, the company would not have issued any life insurance policy to him in 2000.  Specifically, American General cites an affidavit from Gregory Thornton, an underwriter who worked for both Franklin and American General.  Mr. Thornton states, "[c]onsistent with the applicable underwriting guidelines had John M. Cummings admitted to the November 1999 cocaine use at any point during the underwriting process of the application, life insurance would not have been issued within three (3) years of the use of cocaine."  Motion, Ex. D-10.

Without presenting any contrary expert evidence, Ms. Cummings asserts that Franklin would have issued the insurance policy, but acknowledges that Mr. Cummings' drug use *might* have affected the premium.  Ms. Cummings point to the deposition testimony from Jeffrey Moore, the insurance broker who sold Mr. Cummings the policy.  See, Response at 8-9.  However, when actually examined, the Moore deposition testimony deals with a hypothetical situation in which someone who admitted alcohol addiction would be required to fill out a supplemental form, but likely would not be automatically declined insurance coverage.  In such a situation, Mr. Moore testified, the information "may affect the premium."  Response, Ex. A (Moore depo.).  But Mr. Moore's surmising with equivocation in answer to a hypothetical question about alcohol use does not provide evidence to contradict the unequivocal Thornton testimony concerning the treatment of cocaine use.

Any "misrepresented fact is material if being disclosed to the insurer it would have caused it to refuse the risk altogether or to demand a higher premium."  Johnson, 923 F.2d at 281

(citing McCaffrey v. Knights & Ladies of Columbia, 63 A. 189 (Pa. 1906)) (cited by Burkert, 287 F.3d at 298). The Court of Appeals expressly equated alcohol abuse to drug abuse in Burkert, the same opinion in which it stated that "[c]ourts have repeatedly held that false answers relating to the insured's treatment for alcoholism and alcohol use are material as a matter of law." Burkert, 287 F.3d at 298.

Accordingly, following Burkert and in light of Mr. Thornton's affidavit, the undisputed facts here, together with long-standing governing law, lead to the conclusion that Mr. Cummings' past drug use would have led Franklin to deny Mr. Cummings' insurance coverage and, thus, is a material fact.[4]

### IV. CONCLUSION

For the foregoing reasons, the Court finds that American General has established that Mr. Cummings' representations regarding his drug use were (1) false, (2) made fraudulently or in bad faith, and (3) material as a matter of law. Accordingly, the Court concludes that the insurance

---

[4] Ms. Cummings also argues, without citation to either facts of record or legal precedent, that Franklin should have undertaken an independent investigation of Mr. Cummings' hospitalizations which would then have disclosed his prior drug use. Presumably, Ms. Cummings is suggesting that because the insurer had this opportunity to learn the truth, it should lose the right to act upon the subsequent discovery of the truth and, necessarily, on its insured's misrepresentations. Governing law does not support such an "insurer beware" approach. Indeed, as American General has argued, "[a]n insurer is not obligated to investigate beyond the face of an unambiguous insurance application." Reply at 3. See, Shafer v. John Hancock Mut. Life Ins. Co., 410 Pa. 394, 400 (1963) (finding no duty to investigate where the insured's statement indicated no such investigation was necessary); Van Riper v. Equitable Life Assurance Soc., 561 F. Supp. 26, 32 n.6 (E.D. Pa. 1982) (citing Shafer and finding "no duty to contact [plaintiff's personal physician] or any other person concerning the plaintiff's medical history.")

policy is void *ab initio* and that American General is entitled to summary judgment. An appropriate order follows.

BY THE COURT:


S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOYCE CUMMINGS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AMERICAN GENERAL LIFE INSURANCE CO., | : | |
| Successor in interest to | : | NO. 06-3468 |
| FRANKLIN LIFE INSURANCE CO., | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

AND NOW on this 6th day of May 2008, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 14), Plaintiff's Answer to Defendant's Motion for Summary Judgment (Doc. No. 16), and Defendant's Reply (Doc. No. 17), it is HEREBY ORDERED that Defendant's Motion is GRANTED.

The Clerk of Court is instructed to CLOSE this case for all purposes, including statistics.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge